In the Matter of the Estate of CHARLES F. SWAN, Deceased.

Surrogate's Court, New York County, January 7, 1930.

*Taylor, Blanc, Capron & Marsh,* for the petitioners.

*John F. Connor,* for St. John's Church.

*Sutherland & Dwyer,* for the respondents Frances L. Swan Kelly and others.

*De Forest Bros.,* for Presbyterian Hospital.

*Cook & Horton,* for trustee.

O'BRIEN, S. The 5th clause of the will of testator provides as follows: " *Fifth.* I give and bequeath the use of the rest, residue and remainder of my estate, real and personal, to my wife, Helen M.

Swan, during the term of her natural life, and at her death I devise and bequath said rest, residue and remainder of my estate, real and personal, to St. John's Church of Mount Morris, N. Y., in trust, to be taken, held and controlled by the vestry of said church under and pursuant to the provisions of chapter 369 of the Laws of 1906, entitled: 'An act to authorize St. John's Church, Mount Morris, New York, to set apart certain funds as an endowment fund, and to restrict the use and investment thereof.' This devise in remainder to said church is made upon condition of the use and application thereof in manner following, to wit: It is my wish and desire, in memory of my mother, to provide for the establishment of a home for old women, and in furtherance thereof and for that purpose I hereby authorize and empower the vestry of said church to provide a home for Protestant worthy indigent females in the village of Mount Morris, and to set apart for that purpose the Swan Homestead on the corner of Main and Hopkins street in said village for their occupancy, and out of the use, interest and income of the real and personal property so as aforesaid devised and bequeathed to said church, provide for the support and maintenance of the inmates of said Home. The said Home to be under the management of said vestry, and admission of applicants or proposed inmates to be regulated by such reasonable and proper rules as may be made by said vestry. The same to be known as the Swan Memorial Home." Testator died on May 25, 1910. Helen M. W. Swan, the testator's wife, the life beneficiary of the trust, died October 19, 1928.

The disposition of the fund which the testator's wife had the use of during her lifetime is now in question. It is claimed by St. John's Church of Mt. Morris, N. Y., that the gift to it of the remainder was absolute. The heirs at law and next of kin contend that it was a devise and bequest to the church, in trust, conditioned upon its maintaining a home for indigent females in the Swan homestead, located in the village of Mt. Morris, N. Y. Ordinarily the principle that, where there is an absolute gift of real or personal property in order to qualify or cut it down, the latter part of the will should show an equally clear intention to do so, by the use of words definite in their meaning and by expressions which must be regarded as imperative, might apply to the situation presented here, for there is a direct, positive gift to the church in the first part of the 5th clause of the will and in the latter part of that clause expressions used which limit the gift. But when we consider that this request is made to a corporation chartered under a special statute passed by the New York Legislature, we find therein ample provisions (1) for the receiving of donations for the purpose of that endowment fund; (2) receiving of benefactions of those so inclined, to be used by the endowment

fund for such purposes and desires as the benefactor sees fit to prescribe. The result is that, while a direct and positive gift was made in the first instance, the testator placed the qualification upon the gift (it may be accurately said in accordance with the authority of the statute, chapter 369, Laws of 1906, entitled " An Act to authorize Saint John's Church, Mount Morris, New York, to set apart certain funds as a permanent endowment fund and to restrict the use and investment thereof "), the fund in question be used to establish a home for worthy indigent females.

The testator laid down this latter condition in language that is not precatory, to wit: " This devise in remainder to said church is made, upon condition of the use and application thereof in manner following," although he uses the words " will and desire " claimed to be precatory. I hold that the condition was made absolute for the acceptance of the gift by the language used, and, further, that the precatory words were used in conformity with the language in the statute, to wit, " unless otherwise specified in such gift, devise or bequest." During the argument it was contended by the heirs at law and next of kin that the carrying out of the express purpose was rendered impracticable by the size of the bequest and the incapacity of the homestead referred to in the will. This proposition was not squarely before the court. If the conditions and circumstances of the bequest and the property intended by the testator to carry out the beneficent purposes are such as to render the bequest entirely impracticable, the trustees may make further application to the court.

Submit decree on notice settling the account accordingly.